## MAY v. SNYDER.

1. **Contract ; FALSE REPRESENTATIONS AS TO LAND: MISTAKE.** Plaintiff was induced to enter into contract for the exchange of land belonging to defendant, lying in a distant county, by reason of the false representations of defendant as to its quality, which representations were, however, at the time they were made believed to be true by defendant, who had never seen the land and so informed plaintiff. *Held*, that on account of the misapprehension and mistake of the parties as to the character of said land, plaintiff was entitled to have the contract rescinded.

*Appeal from Iowa District Court.*

FRIDAY, JULY 5.

*Templin & Feenan* for the appellant.

*Martin & Murphy* for the appellee.

Lowe, Ch. J.—A proceeding in chancery to set aside and rescind a contract made by the parties for an exchange of lands, on the ground of false representations by the defendant, of the character and quality of his land, which was situated in Winnebago county, some two hundred miles distant, whilst the parties resided in Iowa county, where the plaintiff's land lay. All the issues of fact and law, made

1. CONTRACT: false representations as to land: mistake.

by the pleadings, were referred to J. B. Edmonds, Esq., who made his report thereon as follows:

As matter of fact I find:

1. That, on the 18th day of March, 1863, plaintiff and defendant agreed to exchange lands as follows: Plaintiff to convey to defendant the N. E. ¼ of N. W. ¼ and lot 2, section 23, township 81 N. of range 11 W., in Iowa county, and defendant to convey to plaintiff therefor the N. W. ¼ of S. W. ¼ and N. E. ¼ of S. W. ¼ of section 26, and the E. ¼ of the N. E. ¼ and the S. W. ¼ of the N. E. ¼ of section 35, all in township 98, N. of range 23 W. in Winnebago county, Iowa, and to pay plaintiff the sum of one hundred dollars. That said contract was reduced to writing in two parts, one signed by plaintiff and one by defendant, copies of which are set forth in plaintiff's petition.

2. That, before and at the time said contract was made, defendant represented said Winnebago lands to be good prairie, with timber suitable to make a farm. That defendant had no personal knowledge as to the character or quality of said land, and so informed plaintiff before and when the contract was made; but told plaintiff he was informed the lands were as he represented as aforesaid.

3. That plaintiff believing said lands were as represented, was induced to make said contract and to execute a conveyance of the said Iowa county lands, and receive a conveyance of said Winnebago lands in pursuance of said contract.

4. That no intent to deceive, cheat or falsify existed on the part of defendant; but both parties mistakenly believed said Winnebago land to be as represented by the defendant until some time after both conveyances were made.

5. That said Winnebago lands are situated about two hundred miles distant from said Iowa county, where both

parties resided when said contract was made, and are not as represented by defendant, but far inferior in value, consisting, mainly, of low, wet land, unsuited for making a farm, and without timber, and worth not more than three fifths ($\frac{3}{5}$) as much as they would be if as represented and as the parties believed them to be when the contract and deed were made.

6. That defendant executed to plaintiff two notes of $90, secured by mortgage upon said Iowa county land for the purpose of paying said $100 boot money, and the sum of $80, to enable plaintiff to pay taxes due on said Winnebago land at the time said contract was made; that the notes and taxes remained unpaid.

7. That, before the commencement of this action, plaintiff, soon after discovering the real character of said Winnebago lands, demanded a rescission of said contract and a mutual reconveyance of said lands, and tendered to defendant a deed conveying back to defendant said Winnebago lands, and tendered to defendant said notes, demanding of defendant a deed reconveying said Iowa county lands, which defendant refused.

As to matters of law, I find:

1. That, on account of the misapprehension and mistake of the parties to said contract as to the character and quality of said lands in Winnebago county, the plaintiff is entitled to a rescission of said contract, and the annulling of said deed of conveyance, and a reconveyance of said lands in Iowa county by defendant, upon giving into court a deed of conveyance of said Winnebago land to defendant, and said two notes and mortgage for the use and benefit of defendant; and that a decree therefor should be rendered against the defendant and for costs.

The facts found in this report, and the conclusions of law thereon, are authorized by the evidence and the principles of equity and equity practice. The exceptions

thereto were properly overruled, the final decree for the plaintiff was right, and the same stands

Affirmed.